## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY WILKINSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>I.C. SYSTEM, INC., )<br>)<br>Defendant. )<br>)<br>)<br>_____ ) | **Case No. 09-2456-JAR**<br><br>**Date:** January 18, 2011<br>**Time:** 9:00 a.m.<br>**Location:** Kansas City Division, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas<br><br>**Honorable Julie A. Robinson** |

### PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S CHARACTER AND OTHER DEBT

NOTICE TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff, KIMBERLY WILKINSON ("Plaintiff"), respectfully requests this Honorable Court to enter an Order that Defendant, I.C. SYSTEM, INC. ("Defendant"), its witnesses, and attorneys be precluded from denigrating Plaintiff's character, including discussing Plaintiff's other debt, since Plaintiff's character and other debt are not at issue in this case, and are not related to any claim or defense; and that Defendant's examination of Plaintiff and witnesses, and arguments be limited to the issues in this case.

This motion will be heard on or before the trial, set to commence on January 18, 2011, at 9:00 a.m., at the Kansas City Division, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas, before the Honorable Julie A. Robinson.

    This Motion is based on this Notice and Plaintiff's Memorandum in support of her Motion in Limine No. 1, filed concurrently.

Dated: December 28, 2010            RESPECTFULLY SUBMITTED,

                                          KROHN & MOSS, LTD.

                            BY:    /s/ Michael S. Agruss

                                          Adam C. Maxwell
                                          amaxwell@consumerlawcenter.com
                                          Michael S. Agruss
                                          magruss@consumerlawcenter.com
                                          KROHN & MOSS, LTD.
                                          10474 Santa Monica Blvd., Ste. 401
                                          Los Angeles, CA 90025
                                          Tel: (323)988-2400 x235
                                          Fax: (866) 620-2956

                                          Attorneys for Plaintiff,
                                          KIMBERLY WILKINSON

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY WILKINSON, ) | |
| ) | |
|     Plaintiff, ) | **Case No. 09-2456-JAR** |
| ) | |
| vs. ) | |
| ) | **Date:** January 18, 2011 |
| I.C. SYSTEM, INC., ) | **Time:** 9:00 a.m. |
| ) | **Location:** Kansas City Division, Robert J. |
|     Defendant. ) | Dole United States Courthouse, 500 State |
| ) | Avenue, Kansas City, Kansas |
| ) | |
| ) | **Honorable Julie A. Robinson** |
| ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION IN LIMINE NO. 1

This case was filed pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*. The only issue before the Court is whether Defendant violated the FDCPA. Accordingly, any direct or implied attacks on Plaintiff's character, including Plaintiff's other debt, are improper and irrelevant to Plaintiff's instant case at bar. Accordingly, such irrelevant evidence should be excluded pursuant to Federal Rule of Evidence 402. Although Plaintiff contends any evidence regarding Plaintiff's other debt is irrelevant to the case at bar, even if such evidence is found to be relevant, it should nonetheless be excluded as the probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

///

///

///

I.  **CHARACTER EVIDENCE, INCLUDING EVIDENCE OF PLAINTIFF'S OTHER DEBT IS IRRELEVANT**

Character evidence, including evidence of Plaintiff's other debt is irrelevant and should be excluded.  Federal Rule of Evidence 401 defines "relevant evidence" as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact *that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401 (emphasis added).  Here, the single issue before the Court is whether Defendant violated the FDCPA.  In other words, whether Defendant violated the FDCPA is the only issue "that is of consequence to the determination of the action." *Id*.  Whether Plaintiff has any other debt is entirely irrelevant to the instant case at bar, as such evidence is of no "consequence to the determination of" whether Defendant violated the FDCPA. *Id.*  Simply stated, Defendant's actions are solely at issue here, not Plaintiff's actions.  Accordingly, Plaintiff's irrelevant character evidence, including any purported existence of other debt, should be excluded because "evidence which is not relevant is not admissible."  Fed. R. Evid. 402.

II.  **EVEN IF EVIDENCE OF PLAINTIFF'S OTHER DEBT IS RELEVANT, IT SHOULD BE EXCLUDED AS ITS PROBATIVE VALUE, IF ANY, IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE**

Notwithstanding the fact that evidence of Plaintiff's other debt is irrelevant, as discussed *supra*, if the Court somehow finds any marginal relevance to such evidence, it should nonetheless be excluded, as its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.  Federal Rule of Evidence 403 states:

> Although relevant, evidence may be excluded *if its probative value is substantially outweighed by the danger of unfair prejudice*, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (emphasis added).  Here, if the Court finds any marginal relevance in the evidence of Plaintiff's other debt, such evidence should be excluded as any probative value is substantially, if not completely, outweighed by the danger of unfair prejudice, as discussed *infra*.

"One of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are deadbeats." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1697.  On September 20, 1977, premised on Congressional concern that state protections against questionable debt collection practices were insufficient, President Carter signed into law the Fair Debt Collection Practices Act as an amendment to the Consumer Credit Protection Act. 15 U.S.C. § 1601, *et seq*.  The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process. *See generally Jenkins v. Heintz,* 25 F.3d 536, 538 (7th Cir.1994), *aff'd*, 514 U.S. 291 (1995) (reviewing the history and purpose of the FDCPA).  A basic tenet of the FDCPA is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve "the right to be treated in a reasonable and civil manner." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) *citing* 123 Cong. Rec. 10241 (1977); *see also LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185, 1201, fn. 33 (11th Cir. 2010) *citing Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168, 1178 (11th Cir. 1985) and 123 Cong. Rec. 10241 (1977).

Despite the clear purpose of the FDCPA, as discussed *supra*, defense attorneys typically argue that, by bringing an FDCPA action, FDCPA plaintiffs seek to immunize themselves from the collection process and the natural, legitimate consequences of nonpayment of debt. This argument is nonsensical. Bringing an FDCPA enforcement action does not immunize anyone from the underlying debt, which is a separate transaction. Furthermore, it is well settled that "[n]o section of the [FDCPA] requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress and the Courts have clearly indicated their belief that no consumer deserves to be abused in the collection process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1330 (7th Cir. 1997).

Here, aside from being completely irrelevant, as discussed *supra*, any evidence Plaintiff's other debt would have the danger of creating an unfair prejudice against Plaintiff, in the eyes of the jury. The Supreme Court of the United States has held that "unfair prejudice within its context means an undue tendency to suggest decision on an ***improper basis, commonly, though not necessarily, an emotional one***." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (emphasis added) (internal citations and quotations omitted). As such, if Defendant was permitted to introduce evidence of Plaintiff's other debt, the jury may decide that Plaintiff is not entitled to the protections under the FDCPA because Plaintiff is a "deadbeat." Such a conclusion would be a decision made "on an improper basis." *Id*. Accordingly, irrelevant evidence of Plaintiff's character, including her other debt, should be excluded.

///

///

///

### III.     CONCLUSION

Wherefore, Plaintiff, KIMBERLY WILKINSON, respectfully requests that this Honorable Court grant Plaintiff's Motion in Limine No. 1, and enter an Order directing Defendant's witnesses and attorneys not to make any "deadbeat" claims regarding Plaintiff's character, or discuss Plaintiff's other debt.

Dated: December 28, 2010                     RESPECTFULLY SUBMITTED,

                                             KROHN & MOSS, LTD.


                                      BY:    /s/ Michael S. Agruss

                                             Adam C. Maxwell
                                             amaxwell@consumerlawcenter.com
                                             Michael S. Agruss
                                             magruss@consumerlawcenter.com
                                             KROHN & MOSS, LTD.
                                             10474 Santa Monica Blvd., Ste. 401
                                             Los Angeles, CA 90025
                                             Tel: (323)988-2400 x235
                                             Fax: (866) 620-2956

                                             Attorneys for Plaintiff,
                                             KIMBERLY WILKINSON

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On December 28, 2010, I served the following documents: **PLAINTIFF'S NOTICE AND MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S CHARACTER AND OTHER DEBT**

On the parties listed below:

| | |
|---|---|
| Justice B. King | Attorney for Defendant, |
| FISHER, PATTERSON, SAYLER & SMITH, LLP | I.C. System, Inc. |
| 3550 SW 5th Street | |
| Topeka, Kansas  66601 | |
| jking@fisherpatterson.com | |

By the following means of service:

[X]  **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]  **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]  **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on December 28, 2010, at Los Angeles, California.

By:  /s/ Michael S. Agruss

Michael S. Agruss