UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| KIMBERLY WILKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 09-2456-JAR** |
| | ) | |
| v. | ) | |
| | ) | |
| I.C. SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | **Honorable Julie A. Robinson** |
| | ) | |

## PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES & COSTS PURSUANT TO BIFURCATED SETTLEMENT AGREEMENT

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN**, pursuant to Local Rule 54.2, Plaintiff, KIMBERLY WILKINSON ("Plaintiff"), promptly initiated conference with Defendant, I.C. SYSTEM, INC. ("Defendant"), but the parties were unable to resolve the issue of Plaintiff's attorney's fees and costs. The parties met and conferred on January 20, 2011, January 24, 2011, and January 27, 2011 by e-mail, in order to resolve Plaintiff's attorney's fees and costs in this case. Plaintiff was represented by counsel, Michael S. Agruss, and Defendant was represented by counsel, Justice B. King, during these aforementioned conferences to settle Plaintiff's attorney's fees and costs. As the parties were unable to reach an agreement, Plaintiff files the instant Motion for Attorney's Fees and Costs Pursuant to Bifurcated Settlement Agreement, based upon this notice, the memorandum of points and authorities, and the attached exhibits, and all files, pleadings and records in this action.

Dated: March 2, 2011                    RESPECTFULLY SUBMITTED,

                                        KROHN & MOSS, LTD.


                            BY:     /s/ Michael S. Agruss

                                    Michael S. Agruss
                                    magruss@consumerlawcenter.com
                                    Adam C. Maxwell
                                    amaxwell@consumerlawcenter.com
                                    KROHN & MOSS, LTD.
                                    10474 Santa Monica Blvd., Ste. 401
                                    Los Angeles, CA 90025
                                    Tel: (323)988-2400 x235
                                    Fax: (866) 620-2956
                                    Attorneys for Plaintiff,
                                    KIMBERLY WILKINSON

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

On August 31, 2009, Plaintiff, by and through her attorneys, Krohn & Moss, Ltd. ("K&M"),

brought suit pursuant to provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

1692, *et seq. See* Plaintiff's Complaint; Document No. 1.  Plaintiff sought statutory damages and

all reasonable attorney's fees and costs incurred for Defendant's violations of the FDCPA.

The parties reached a bifurcated settlement agreement to resolve the dispute between them.

Accordingly, on December 29, 2010, Plaintiff filed a Notice of Settlement with this Honorable

Court. *See* Document No. 37.  In agreement to settle Plaintiff's statutory damages for the maximum

$1,000.00 allowed under the FDCPA, Defendant agreed "not to contest that Plaintiff is the

prevailing party and entitled to recover reasonable attorneys' fees and costs." *Id.* As such, "the only

issue for this Honorable Court to decide is the reasonableness of Plaintiff's attorneys' fees and

costs." *Id.* Plaintiff now brings the instant Motion seeking an award of attorney's fees and costs of

$18,861.00.

### II.   PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEY'S FEES PURSUANT TO THE FDCPA

The specific statutory language of the FDCPA, and the public policy considerations in

support of this Act, entitle Plaintiff to the recovery of attorney's fees and costs in this matter.  The

FDCPA states:

> [A]ny debt collector who fails to comply with any provision of this
> subchapter with respect to any person is liable ... in the case of any
> successful action to enforce the foregoing liability, the costs of the
> action, together with a reasonable attorney's fee as determined by the
> court.

15 U.S.C. § 1692k(a).

Pursuant to this specific language, federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it. In *Tolentino v. Friedman*, the Seventh Circuit Court of Appeals affirmed that a separate award for costs and fees is mandatory. The *Tolentino* court held:

> Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.

*Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir.1995). Other circuits have also held that the determination of costs and fees is mandatory by the district courts. "The FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991) (noting that the FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the FDCPA should be enforced by debtors acting as private attorneys general).

The *Tolentino* court also noted Congress' specific intent to allow an individual plaintiff the ability to pursue an action where the burden of costs and fees would otherwise economically preclude this type of rights enforcement. *Tolentino*, 46 F.3d at 652 *citing City of Riverside v. Rivera*, 477 U.S. 561 (1986). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Id.* The Ninth Circuit, in *Camacho*, rejected the district court's "flat fee" approach, and in

its remand for further findings, directed that "the amount of [attorney's fees] must be determined on the facts of each case." *Camacho*, 523 F.3d at 978.[1] Further, in consumer protection cases, such as the instant case, the amount of attorney's fees and costs is often higher than the underlying amount of damages recovered by the plaintiff. *See Bryant v. TRW Inc.*, 689 F.2d 72, 80 (6th Cir. 1982) (upholding attorney's fee award that exceeded the amount of compensatory damages, under Fair Credit Reporting Act).

Thus, the FDCPA mandates that the recovery of Plaintiff's attorney's fees and costs is integral to the success of the policy goals of the FDCPA. By virtue of the bifurcated settlement agreement of the parties, Plaintiff has prevailed in this matter and should be awarded reasonable attorney's fees and costs as determined by this Court.

## III. DEFENDANT HAS STIPULATED TO PLAINTIFF BEING THE PREVAILING PARTY IN THIS ACTION

Pursuant to the parties' bifurcated settlement agreement, the parties have stipulated to the fact that Plaintiff is to be deemed the prevailing party. As such, Defendant has agreed not to dispute that Plaintiff is the prevailing party, but rather the only issue for the Court to decide is the reasonableness of Plaintiff's attorney's fees and costs.

The United States Supreme Court has defined a plaintiff to be the "prevailing party" for purposes of the award of attorney's fees "if [the plaintiff] succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v.*

---

[1] "The [District] court concluded that '[w]here...the attorneys seeking fees support their motion with materials that are substantially unchanged from those filed by them in numerous other cases...it would be inappropriate to award fees on an hourly basis,'" and instead, the court awarded a "flat award" of $500. *Camacho*, 523 F.3d at 976. However, the Ninth Circuit Court of Appeals rejected this approach and remanded for a case-by-case determination of attorney's fees.

*Eckerhart*, 461 U.S. 424 (1983);  *see also Busche v. Burkee*, 649 F. 2d  509 (7th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981) ("[The] proper focus is whether the plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought."). Where sought, monetary relief constitutes at least "some of the benefit the parties sought in bringing the suit." *Id.* at 432 *citing Nadeau v. Helgemoe*, 581 F. 2d 275, 278-279 (1st Cir. 1978) (internal citation omitted); *see also Farrar v. Hobby*, 506 U.S. 103 (1992) (holding that even nominal damages suffice under the test that a party prevail on the merits of at least some of its claims).

Under the FDCPA, the damages available to Plaintiff for Defendant's violation are "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692(a)(2)(A). Here, Plaintiff recovered the maximum recovery of $1,000.00 for statutory damages allowed under the FDCPA.  Therefore, Plaintiff is defined as the prevailing party by succeeding on one of the primary objectives of the litigation, i.e., obtaining monetary damages. *See Hensley*, 461 U.S. at 433. Monetary relief constitutes at least "some of the benefit the parties sought in bringing the suit," and therefore Plaintiff is afforded "prevailing party" status for purposes of an award of attorney's fees. Although even nominal damages may suffice for a plaintiff to be considered a prevailing party for an award of attorney's fees, in the instant case, Plaintiff's recovered the maximum allowed under the FDCPA. *See Farrar v. Hobby*, 506 U.S. 103 (1992).

By virtue of Plaintiff's substantial recovery and by the explicit language contained in the parties' bifurcated settlement agreement, Plaintiff is the prevailing party in this matter and should be awarded reasonable attorney's fees and costs as determined by this Court.

///

///

## IV.    PUBLIC POLICY SUPPORTS AN AWARD OF COSTS AND ATTORNEY'S FEES

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.   Congress found such abuses by debt collectors to be serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) *citing* 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).  The fee-shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights and while benefitting society in general, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA, is that the potential for recovery is not clear at the time the litigation is commenced, unlike in personal injury actions.  *See Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a percentage contingency.  Accordingly, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); *see also Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978).  By providing the private bar with incentive to involve itself in consumer litigation through the fee-shifting provision, the government is relieved of the costs of protecting consumers while insuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of attorney's fees and costs, an entry of judgment for the consumer would simply not make the consumer whole as the average consumer would simply be unable to pay his attorney's fees. This result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorney's fees, "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994). The attorney's fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims, which are relatively small compared to potential legal costs. *Id.* at 539. As a result, public policy dictates that attorney's fees should be paid by Defendant.

## V.   IN CONSUMER PROTECTION ACTIONS, IT IS <u>NOT</u> APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEY'S FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorney's fee award based upon the amount recovered by the plaintiff. The fact that the amount recovered by Plaintiff here may be disproportionate to the amount of attorney's fees sought does not make the fees expended unreasonable. As such, the fees awarded should not be reduced to maintain some ratio between the attorney's fees and underlying compensatory damages. *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996); *Jones v. Credit Bureau of Greater Garden*

*City*, 1989 WL 134945 (D. Kan. 1989);  and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).[2]

## VI.   THE RATES SOUGHT BY PLAINTIFF'S ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION

Plaintiff seeks an award of attorney's fees and costs in the amount of $18,861.00, which is comprised of 63.4 hours of attorney time at an hourly rate of $290.00 per hour. *See* Statement of Services, attached hereto as Exhibit A.  Specifically, Plaintiffs seek to recover attorney's fees for Michael S. Agruss at a rate of $290.00 per hour for 59.1 hours, and attorney's fees for Patrick Cuezze at a rate of $290.00 per hour for 4.3 hours.  The hourly rates of Plaintiff's attorneys delineated in Plaintiff's Statement of Services are commensurate with the experience and training of each employee at Krohn & Moss, Ltd.  These rates are also supported by the 2007 Consumer Law Attorney Fee Survey, the United States Attorney's Office and the "Laffey Matrix," as well as the affidavits of other consumer advocates practicing in this field. *See* Exhibits D and E.

///

///

---

[2] *See also Krapf v. Nationwide Credit, Inc.*, 2010 WL 4261444, (C.D. Cal. Oct. 21, 2010) (plaintiff's counsel awarded $26,120.40 in fees where underlying matter was settled for $2,000); *Goins v. JBC & Associates, P.C.*, 2006 WL 540332, at *3 (D. Conn. Mar. 6, 2006) (FDCPA plaintiff's counsel awarded $23,421.00 in fees and $895.19 in costs where underlying matter was settled for $1,500); *Dechert ex rel. Estate of Oyler v. The Cadle Co.*, 2004 WL 2999112 (S.D. Ind. Nov. 10, 2004) (FDCPA plaintiff awarded $54,391.00 in fees on a $1,000 statutory recovery); *Gradisher v. Check Enforcement Unit*, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (attorney's fees award of $69,872.00 where plaintiff recovered FDCPA statutory damages of $1,000); *Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn. Sept. 5, 2002) (attorney's fee award of $43,180.00 where plaintiff recovered FDCPA statutory damages of $1,000); *Minnick v. Dollar Financial Group, Inc.*, Civ. No. 02-1291, 2002 WL 1023101, 52 Fed. R. Serv.3d 1347 (E.D. Pa. May 20, 2002) (plaintiff in FDCPA action awarded $7,208.50 in fees and costs after accepting $2,000 offer of judgment); and *Norton v. Wilshire Credit Corp.*, 36 F.Supp. 2d 216 (D.N.J. 1999) (court awarded $57,000.00 in fees for $5,800 award to plaintiff in FDCPA action).

A.    **The Experience of the Attorneys at K&M Provide Support for the Hourly Rates Requested.**

The experience of the attorneys that worked on behalf of Plaintiff is detailed in the Biography Statements of Plaintiff's attorneys, attached hereto as Exhibit B, and further supported by the Declarations of Krohn & Moss, Ltd. attorneys, attached hereto as Exhibit C.

B.    **The Rates Sought by K&M are Reasonable as Evidenced by the 2007 Consumer Law Attorney Fee Survey.**

In the fall of 2007, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm." *See* 2007 Consumer Law Attorney Fee Survey, attached hereto as Exhibit D.  The attached survey supports the billing rates requested, as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with the rate sought in this case.  For instance, data collected for the Mid West Region Firms, arranged by the attorney's years in practice, on page 11, shows the average rate for attorneys practicing 6-10 years to be $289.00 per hour.  As such, the rates requested by Plaintiff's attorneys are commensurate with other consumer attorneys' billing rates, indexed by both region and years in practice, and therefore, should be determined by this Court to be reasonable.

C.    **The Rates Sought by K&M are Reasonable as Evidenced by the United States Attorney's Office and the "Laffey Matrix."**

The attorney's fees rates requested by Plaintiff as detailed in Plaintiff's Statement of Services are commensurate with the prevailing rates for attorneys that practice federal law. As the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate. *See Laffey v.*

*Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983). In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a hybrid rate. *Id.* The court's analysis in *Laffey* was taken one step further by the Civil Division for the United States Attorney's Office to reflect how rates have changed over the years due to inflation. In doing so, the United States Attorney's office created the "Laffey Matrix." As demonstrated by the "Laffey Matrix," the rates sought by Plaintiff's attorneys herein are commensurate with recognized rates for attorneys with similar experience. The "Laffey Matrix," when coupled with the affidavits presented by Plaintiff, and detailed biographies of the attorneys at Krohn & Moss, Ltd., provides conclusive evidence that the rates sought by Plaintiff's attorneys are reasonable.[3] The "Laffey Matrix" is incorporated into this instant Motion in its entirety:



**Civil Division - LAFFEY MATRIX 2004-2009**

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 |
|---|---|---|---|---|---|
| 20+ years | 390 | 405 | 425 | 440 | 465 |
| 11-19 years | 345 | 360 | 375 | 390 | 410 |
| 8-10 years | 280 | 290 | 305 | 315 | 330 |
| 4-7 years | 225 | 235 | 245 | 255 | 270 |
| 1-3 years | 185 | 195 | 205 | 215 | 225 |
| Paralegals & Law Clerks | 110 | 115 | 120 | 125 | 130 |

---

[3] This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does *not* apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

The Laffey Matrix clearly illustrates that the rates charged by Krohn & Moss, Ltd. are commensurate with the rates that could have been charged according to United States Attorney's Office. Based on the "Laffey Matrix," and the other authority provided to this Court in Plaintiff's instant Motion, the hourly rates sought by Plaintiff's attorneys are reasonable. The column headed "Experience" refers to the years following the attorney's graduation from law school. The various brackets are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983).

### D.   The Rates Sought by Plaintiff's Attorneys Have Been Awarded in Courts Throughout the Country.

The rates sought by Plaintiff's attorneys have been awarded in courts throughout the country. *See Krapf v. Nationwide Credit, Inc.*, 2010 WL 4261444, (C.D. Cal. Oct. 21, 2010) (plaintiff's counsel awarded $26,120.40 in fees where underlying matter was settled for $2,000); *see also* Exhibit E, fee award in *Contreras v. Regent Asset Management Solutions* (Central District of California); Exhibit F, fee award in *Harris v. Becks Creek Industries, Inc.* (Central District of California); Exhibit G, fee award in *Edwards v. Midpoint Resolutions Group* (Central District of California); Exhibit H, fee award in *Jogiel v. Financial Management Services, Inc.* (Central District of California); Exhibit I, fee award in *Wamsley v. Creditors Interchange Receivables Management* (Southern District of Ohio); Exhibit J, fee award in *Renninger v. Phillips & Cohen Associates, Ltd.* (Middle District of Florida). Krohn & Moss, Ltd. attorneys have been awarded similar fees in courts across the nation. Here, the parties reached a settlement agreement less than three (3) weeks before

trial. The parties had finished most of the pre-trial filings in this case. As such, Plaintiff respectfully requests that this Honorable Court finds the moderate amount of fees incurred in this case to be reasonable and award Plaintiff her attorney's fees accordingly.

E.   **The Declarations of Consumer Advocates Provide Support for the Hourly Rates and Time Requested by Plaintiff.**

A. Scott Waddell, Steven Solomon, and Craig Thor Kimmel are all experienced consumer protection attorneys familiar with the claims brought in Plaintiff's Complaint, and have reviewed the hourly rates and time entries of Plaintiff's attorneys. All three attorneys have attested that the rates and time incurred by Plaintiff's attorneys are reasonable. *See* Supporting Declarations, attached hereto as Exhibit K. Mr. Waddell is an attorney who practices consumer protection law in Kansas City, Missouri. Mr. Solomon and Mr. Kimmel have a wealth of experience in trial and appellate advocacy, and they have displayed this expertise within the legal community by publishing articles in various legal journals. These attorneys have represented numerous consumers throughout the nation. Therefore, based on the experiences of Mr. Waddell, Mr. Solomon, and Mr. Kimmel, in the area of consumer protection litigation, it is clear that they have obtained the experience and qualifications necessary to present their opinion to this Court as to the reasonableness of Plaintiff's attorney's fees.

VII.   **IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEY'S FEES**

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), *cert. denied*, 493 U.S. 1071 (1990) (awarding $5,500,000.00 in fees on $3 recovery) *citing Grant v. Martinez*,

973 F.2d 96, 101 (2d Cir. 1992); *see also Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 560-62 (1984).   The lodestar figure represents reasonable hours times reasonable rate. *See Blanchard v. Bergeron*, 103 L.Ed. 2d 67, 76 (1989) *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 656 (1986). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See, e.g., United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant"). Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorney's fees and costs sought.

## VIII.   PLAINTIFF REQUESTS REIMBURSEMENT FOR COSTS EXPENDED.

Plaintiff seeks $350.00 in litigation costs incurred by Plaintiff. This amount includes the cost of filing the Complaint in this case. *See* Exhibit A.

## IX.   CONCLUSION.

Plaintiff was represented free of charge by Krohn & Moss, Ltd., a consumer protection law firm that has represented thousands of consumers to date.   Pursuant to the public policy considerations behind the fee-shifting provision of the FDCPA as detailed *supra*, Plaintiff respectfully requests that this Honorable Court award Plaintiff's attorney's fees and costs in the amount of $18,861.00.

///

///

Dated: March 2, 2011                    RESPECTFULLY SUBMITTED,

                                        KROHN & MOSS, LTD.

                              BY:    /s/ Michael S. Agruss

                                     Michael S. Agruss
                                     magruss@consumerlawcenter.com
                                     Adam C. Maxwell
                                     amaxwell@consumerlawcenter.com
                                     KROHN & MOSS, LTD.
                                     10474 Santa Monica Blvd., Ste. 401
                                     Los Angeles, CA 90025
                                     Tel: (323)988-2400 x235
                                     Fax: (866) 620-2956
                                     Attorneys for Plaintiff,
                                     KIMBERLY WILKINSON

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On March 2, 2011, I served the following documents: **PLAINTIFF'S NOTICE AND MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO BIFURCATED SETTLEMENT AGREEMENT**

On the parties listed below:

Justice B. King                                                  Attorney for Defendant,
FISHER, PATTERSON, SAYLER & SMITH, LLP        I.C. System, Inc.
3550 SW 5th Street
Topeka, Kansas  66601
jking@fisherpatterson.com

By the following means of service:

[X]     **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]     **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]     **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]     **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on March 2, 2011, at Los Angeles, California.

By:  /s/ Michael S. Agruss

Michael S. Agruss