**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


| | | |
|---|---|---|
| **KIMBERLY WILKINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-2456-JAR** |
| | ) | |
| **I.C. SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Kimberly Wilkinson's Motion for Award of

Attorney Fees and Costs (Doc. 40).  Defendant has moved for leave to file its response out of

time (Doc. 46), and plaintiff has supplemented her request as directed by the Court.  For the

reasons explained in detail below, the Court grants defendant's motion based on excusable

neglect, and grants plaintiff's motion for fees and costs.

**I.      Background**

Plaintiff moves for an award of attorneys' fees and costs as a prevailing party pursuant to

the provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692a-k.  In

December 2010, the parties reached a bifurcated settlement regarding damages, in which

defendant agreed to pay statutory damages of $1000 to plaintiff.  Defendant further agreed that

plaintiff would be the prevailing party entitled to reasonable attorney fees.  The parties engaged

in informal negotiations regarding the issue of attorneys' fees; however, they were unable to

come to an agreement.

## II.       Discussion

The FDCPA allows for attorney's fees to successful litigants.  The applicable statute, 15

U.S.C. § 1692k, provides in relevant part:

> Except as otherwise provided by this section, any debt collector
> who fails to comply with any provision of this subchapter with
> respect to any person is liable to such person in an amount equal to
> the sum of . . .
> (3) in the case of any successful action to enforce the foregoing
> liability, the costs of the action, together with a reasonable
> attorney's fee as determined by the court. . . .

### A.       Timeliness of Defendant's Objection

Before getting to the merits of plaintiff's request, the Court addresses the timeliness of

defendant's objection.  Defendant filed its objection to plaintiff's request for attorneys' fees and

costs on March 22, 2011, twenty days after the motion was filed.  Plaintiff asserts that

defendant's objection is untimely, as its request is not a dispositive motion under the Local

Rules, which establish a fourteen-day deadline to respond to non-dispositive motions.[1]

Defendant responds that several courts have held in other contexts that motions for attorney's

fees are dispositive motions and alternatively, it should be allowed to file its response out of time

due to excusable neglect.  For purposes of this motion, the Court will assume that plaintiff's

request for fees is a non-dispositive motion, and turns to whether defendant's failure to timely

respond was a result of excusable neglect.

Under D. Kan. R. 6.1(a),

> All motions for an extension of time to perform an act required or
> allowed to be done within a specified time shall show (1) if there

---

[1]*See* D. Kan. Rule 6.1.

has been prior consultation with opposing counsel and the views of opposing counsel; (2) the date when the act was first due; (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and (4) the cause for the requested extension. Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect.

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[2]  The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[3]  Perhaps the single most important factor in determining whether neglect is excusable is fault in the delay.[4]  Whether the moving party's underlying claim is meritorious should also be taken into consideration.[5]  Further, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[6]  "'[A] mistake . . . could occur in any [attorney's] office, no matter how well run.'"[7]

---

[2]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[3]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

[4]*Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[5]*Id.* at 857 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

[6]*Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[7]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

Taking into account all of these factors, the Court finds no showing of any prejudice to plaintiff from the delay.  In addition, the length of the delay is relatively minimal and will not significantly disrupt the judicial proceedings, as the case has been settled.  The Court finds no suggestion that plaintiff acted in bad faith.  The reason for the delay, however, is problematic. As previously noted, the Tenth Circuit has found that "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[8]  Plaintiff's sole reason for failing to file a timely response is support staff's mistake in construing the motion as dispositive and calendaring the response date at twenty one days instead of fourteen.  "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for the purposes of Rule 6(b)."[9] In this case, however, the mistake was in interpreting the type of motion, not the rules. Counsel's staff concluded the motion for fees was a dispositive motion was based on the status of the proceedings and the numerous declarations and documents supporting the motion. Accordingly, plaintiff's motion is granted.[10]

In so ruling, the Court notes that even if defendant's response was not a result of excusable neglect, lack of a response does not foreclose review and analysis of the request for fees.  The party moving for attorney's fees bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[11]  Thus, regardless of

---

[8]*City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[9]*Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

[10]*See Espy v. Mformation Tech.*, No. 08-2211-EFM, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009) (finding excusable neglect where paralegal failed to recognize discovery requests were hand-delivered, and consequently the due date was not calendared correctly).

[11]*Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

4

whether defendant's objection is timely, the Court has an obligation to determine whether the requested fees are reasonable.

### B.      Calculating the Lodestar Amount

Plaintiff requests an award of fees for 63.4 hours of attorney time at an hourly rate of $290.00 per hour by two attorneys at the firm of Krohn & Moss, Ltd.  Specifically, plaintiff seeks to recover fees for Michael Agruss for 59.1 hours and Patrick Cuezze for 4.3 hours. Plaintiff also requests one hour of paralegal time at an hourly rate of $125.   In determining reasonable attorneys' fees, Kansas courts arrive at a lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[12]  While the Kansas lodestar analysis is slightly different than the federal lodestar analysis, the factors are similar.[13] Both parties apply the federal lodestar analysis to this fee request and, seeing no objection by either side of the dispute, the Court will follow the two-step process discussed by the parties in their briefs.  Under this analysis, the applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[14]  First, the Court multiplies the number of hours reasonably spent by a reasonable hourly rate, which is called the "lodestar" amount.[15]  Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee.[16]  The Court may then adjust the lodestar, if necessary, to account for the

---

[12]*Sheldon v. Vermonty*, 237 F. Supp. 2d 1270, 1274 (D. Kan. 2003); *Davis v. Miller*, 7 P.3d 1223, 1236 (Kan. 2000).

[13]*Terra Venture Inc. v. JDN Real Estate-Overland Park, L.P.*, 242 F.R.D. 600, 604 (D. Kan. 2007).

[14]*See Case*, 157 F.3d at 1249–50.

[15]*Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[16]*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

factors set forth in Rule 1.5 of the Kansas Rules of Professional Responsibility ("KRPC").[17]

Under KRPC 1.5(a), eight factors should be considered by the Court when determining the

reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.[18]

### 1.   Reasonable Hourly Rate

In examining the hourly rate, the court is to refer "to the prevailing market rates in the

relevant community."[19]  "The first step in setting a rate of compensation for the hours reasonably

expended is to determine what lawyers of comparable skill and experience practicing in the area

in which the litigation occurs would charge for their time."[20]  In making this determination, if the

court does not have before it adequate evidence of prevailing market rates, the court may, in its

---

[17]*Davis*, 7 P.3d at 1236; *Sheldon*, 237 F. Supp. 2d at 1274.

[18]Kan. S. Ct. R. 226 (2009); *see Wittig v. Westar Energy, Inc.*, 235 P.3d 515, 529–30 (Kan. 2010); *Johnson v. Westhoff Sand Co.*, 135 P.3d 1127, 1135–36 (Kan. 2006).

[19]*Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[20]*See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998).

discretion, "use other relevant factors, including its own knowledge, to establish the rate."[21]

Plaintiff's counsel has made the following showing that Agruss and Cuezze's rate is reasonable under the applicable standard.  As set forth in his declaration, they have represented over one thousand FDCPA plaintiffs throughout the country and that this rate is the standard hourly rate routinely charged to plaintiffs and awarded in other courts.  In addition, counsel filed supplemental affidavits of two Kansas City lawyers who practice in the area of consumer protection law stating that $290 per hour for a lawyer with seven to ten years experience in consumer protection law is a reasonable rate in the community.  Although defendant objects to the hourly rate, it does not provide the Court with any evidence of what it considers a reasonable rate.  Upon review of the case law, evidence and affidavits in support of the Motion, the Court finds that the hourly rate of $290 charged by Agruss and Cuezze, who have over seven years of experience in the area of consumer law, is reasonable.

### 2.      Number of Hours Reasonably Expended

The Court must next determine the amount of hours reasonably expended by counsel for plaintiff.[22]  In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[23]  "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or

---

[21]*Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

[22]*Case*, 157 F.3d at 1250.

[23]*Id.* (citation omitted).

otherwise unnecessary."[24]  The Court "is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time."[25]

After the Court determines whether counsel exercised billing judgment, it must evaluate the hours expended on each task and determine if they are reasonable.[26]  This determination requires the Court to consider such factors as the complexity of the case, the number of reasonable strategies pursued, the responses necessitated by the maneuvering of the other side, and potential duplication of services.[27]  But there is no requirement that the Court "identify and justify each disallowed hour.  Nor is their [sic] any requirement that district courts announce what hours are permitted for each legal task."[28]

Upon review of the detailed time sheets submitted by plaintiff's counsel, the Court concludes the attorneys did not bill for unnecessary or redundant work, and the time billed was not excessive.  This case settled on the eve of trial, and much of counsel's time was spent on discovery, drafting the pretrial order, preparing for trial, and negotiating the settlement.  The Court finds the total number of hours expended, 63.4 hours, to be necessary and reasonable given the nature of the case and the attorneys' familiarity with the general issues involved.  The Court does not find the time that counsel consulted on the case to be redundant or duplicative, and notes that Cuezze's time billed is minimal, with Agruss taking the lead on the majority of

---

[24]*Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

[25]*Id.* (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)).

[26]*Case*, 157 F.3d at 1250.

[27]*Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)).

[28]*Id.* (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986)).

matters billed.

### 3.    Lodestar Calculation

Based on the Court's determination of the reasonable rates and hours expended in this case, the Court finds no adjustment is necessary,[29] and calculates the reasonable attorneys' fees and costs as follows: Michael Agruss and Patrick Cuezze, 63.4 hours at $290 per hour = $18, 386.00; 1.0 hours paralegal at $125 per hour; filing fee = $350; total = $18, 861.00.

In so ruling, the Court notes that although in some cases the award of attorneys' fees may be reduced in proportion to the damages obtained, the Court finds that in consumer protection actions such as this case, attorneys' fees need not necessarily be awarded in proportion to the damages recovered.[30]  With that in mind, the Court declines to reduce the attorneys' fees in this case to be commensurate with plaintiff's $1000.00 recovery, the maximum result under the FDCPA.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Leave to File Response Out of Time (Doc. 46) is GRANTED;

**IT IS FURTHER ORDRED** that plaintiff's Motion for Attorney's Fees and Costs (Doc. 40) is GRANTED in the amount of $18, 861.00.

**IT IS SO ORDERED.**

---

[29]*See Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983) (while district court may consider other factors to adjust fee upward or downward, many factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.").

[30]*See Homa v. Am. Express Co.*, 558 F.3d 225, 234 (3d Cir. 2009) (finding award of attorney's fees need not be proportionate to damages recovered in consumer fraud action); *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 974 (4th Cir. 1987) (reasoning that since "there will rarely be extensive damages in a [consumer protection action], requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the [consumer protection statute]").

Dated: November 1, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE